IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CHAD GIANNI,

Plaintiff,

v.

SUSAN CURDA, Office in Charge, Sacramento Office, U.S. Citizenship and Immigration Services; EMILIO T. GONZALEZ, Director, Bureau of Citizenship and Immigration Services, U.S. Department of Homeland Security; MICHAEL CHERTOFF, U.S. Secretary of Homeland Security; ALBERTO GONZALEZ, U.S. Attorney General; ROBERT S. MUELLER, III, Director of the Federal Bureau of Investigation,

Defendants.

2:07-CV-1478-GEB-KJM

ORDER*

Defendants move to dismiss Plaintiff's Complaint under Federal Rules of Civil Procedure ("Rules") 12(b)(1) and 12(b)(6), arguing this Court lacks subject matter jurisdiction to review Defendants' processing of Plaintiff's application for adjustment of

* This matter was determined to be suitable for decision without oral argument. L.R. 78-230(h).

his alien status in the United States to permanent residency and that Plaintiff's Complaint fails to state a cognizable claim. Plaintiff opposes the motion.

Plaintiff was granted asylum in the United States on July 26, 2001; on or about May 27, 2004, he applied for adjustment of his status to permanent residency by submitting a Form I-485 ("I-485 application") to the United States Citizenship and Immigration Services ("USCIS"), which is part of the Department of Homeland Security. (Pl.'s Compl. ¶ 11.) USCIS is still processing Plaintiff's application. His Complaint seeks a declaratory judgment that Defendants' delay in processing Plaintiff's I-485 application has been unreasonable, and an order under the Mandamus Act and the Administrative Procedure Act ("APA") that would compel Defendants to adjudicate his application within 60 days. Defendants argue 8 U.S.C. § 1252(a)(2)(B)(ii) precludes judicial review of the pace at which USCIS processes Plaintiff's I-485 application, and that Plaintiff's claim is not cognizable under either the Mandamus Act or the APA. (Defs.' Mot. to Dismiss ("Mot.") at 5:19-21; 6:9-12:14.)

**I. Section 1252(a)(2)(B)(ii)**

Defendants contend dismissal of Plaintiff's Complaint is appropriate under Rule 12(b)(1), arguing USCIS has discretion in processing I-485 applications under the Immigration and Nationality Act ("INA"), and therefore § 1252(a)(2)(B)(ii), which precludes review of discretionary actions taken under the INA, divests this Court of subject matter jurisdiction to review the pace at which USCIS processes Plaintiff's I-485 application. (Id. at 5:19-21.) I-485 applications are processed under 8 U.S.C. § 1255(a), which provides: "The status of an alien . . . may be adjusted by the Attorney General,

**in his discretion** and under such regulations as he may prescribe, to that of an alien lawfully admitted for permanent residence[.]"[1] 8 U.S.C. § 1255(a) (emphasis added). Section 1252(a)(2)(B)(ii) provides: "[N]o court shall have jurisdiction to review . . . any other **decision or action** of the Attorney General or the Secretary of Homeland Security the authority for which is specified under this subchapter to be in the discretion of the Attorney General or the Secretary of Homeland Security." Id. § 1252(a)(2)(B)(ii) (emphasis added).

Defendants argue that the word "action" in § 1252(a)(2)(B)(ii) "refers to an ongoing process or a series of acts," and therefore the pace at which USCIS processes I-485 applications constitutes a discretionary "action" that cannot be reviewed. (Mot. at 5:10-11.) However, as the Seventh Circuit has held, "by its use of the terms . . . 'decision or action,' [§ 1252(a)(2)(B)] only bars review of actual discretionary decisions to grant or deny relief" under the INA. Iddir v. INS, 301 F.3d 492, 496 (7th Cir. 2002). Since Plaintiff challenges only how long USCIS has taken to process his I-485 application, Defendants have failed to show that § 1252(a)(2)(B)(ii) divests this Court of jurisdiction; therefore, their motion on this ground is denied.

**II. The Mandamus Act and the APA**

Defendants also seek dismissal of Plaintiff's Complaint under Rule 12(b)(6), arguing it does not state a cognizable claim under either the Mandamus Act or the APA since Defendants do not have

---

[1] "[T]he authority over [§ 1255(a)] adjudications has been transferred to the Secretary of Homeland Security and the USCIS." Pool v. Gonzales, 2007 WL 1613272, at *1 (D.N.J. June 1, 2007).

a non-discretionary duty to process Plaintiff's I-485 application. (Mot. at 6:9-12:14.)

Both the Mandamus Act and the APA provide relief only where the government has a non-discretionary duty to act. See Heckler v. Ringer, 466 U.S. 602, 616 (1984) (stating that the Mandamus Act provides relief "only if the defendant owes [the plaintiff] a clear nondiscretionary duty"); Norton v. S. Utah Wilderness Alliance, 542 U.S. 55, 64 (2004) (holding that the APA "empowers a court only to compel an agency 'to perform a ministerial or non-discretionary act' . . . .") (quoting Attorney General's Manual on the Administrative Procedure Act 108 (1947)).

Defendants argue that USCIS does not have a non-discretionary duty to process Plaintiff's I-485 application since "neither the conduct of the investigation nor the adjudicative process are merely ministerial." (Mot. at 7:19-20.) Plaintiff counters that 8 C.F.R. § 245.2(a)(5)(i), which provides that an I-485 applicant "**shall** be notified of the decision of the director and, if the [I-485] application is denied, the reasons for denial," gives USCIS a non-discretionary duty to process I-485 applications and to reach a decision. (Pl.'s Opp'n at 6:15-20 (emphasis added).) "[The] duty to **process** I-485 applications under § 1255 is non-discretionary." Liu v. Chertoff, 2007 WL 2433337, at *3 (E.D. Cal. Aug. 22, 2007) (emphasis in original); see Dong v. Chertoff, 513 F. Supp. 2d 1158, 1165 (N.D. Cal. 2007) (stating "there exists a non-discretionary duty to act on and process the application"). Therefore, Defendants do not prevail on this portion of their motion.

Defendants also seek dismissal of Plaintiff's APA claim, arguing it is not cognizable since no statutory provisions provide a

"meaningful standard" against which to measure the pace at which USCIS processes I-485 applications. (Mot. at 11:9-10:11.) However, "where a statute does not specify a deadline for a particular kind of government action, the APA compels the executive agency to act 'within a reasonable time.'" Razaq v. Poulos, 2007 WL 61884, at *4 (N.D. Cal. Jan. 8, 2007).

Therefore, Defendants' dismissal motion is denied.

IT IS SO ORDERED.

Dated: February 19, 2008

GARLAND E. BURRELL, JR.
United States District Judge